OERTHER BROTHERS EXCAVATING, INC v WOODCRAFT
SQUARE LIMITED DIVIDEND HOUSING ASSOCIATION

C BARRON & SONS, INC v WOODCRAFT SQUARE LIMITED
DIVIDEND HOUSING ASSOCIATION

Docket Nos. 73901, 74922. Submitted April 6, 1984, at Lansing.—
Decided June 28, 1984. Leave to appeal applied for.

Woodcraft Square Limited Dividend Housing Association entered
into a contract with the Douglas Company, a general contrac-
tor, on November 9, 1981, for the construction of a housing
project on property Woodcraft was to acquire. Woodcraft ac-
quired a fee title interest in the property on May 7, 1982.
Walker Construction Company, a subcontractor, entered into
contracts with Oerther Brothers Excavating, Inc., and C. Bar-
ron & Sons, Inc., doing business as Hurd Sterling-Eversole-Jay,
for labor, materials, and equipment to be provided to the
construction project. Oerther Brothers and C. Barron fulfilled
their obligations under the contracts but were not paid. Both
took steps to perfect construction liens pursuant to the Con-
struction Lien Act, which repealed the mechanic's lien act as of
March 1, 1982. Oerther then filed suit against Woodcraft and
John Desjardine, Michael Desjardine and John Desjardine, Jr.,
doing business as Walker Construction Company, and others in
Monroe Circuit Court to enforce its lien. C. Barron & Sons
likewise filed suit against Woodcraft and Charles T. Walker, III,
doing business as Walker Construction Company, in Monroe
Circuit Court to enforce its lien. The cases were consolidated
for trial. A default was entered against Walker Construction
Company in favor of Oerther, and Walker is not a party to
either appeal in this case. Defendants argued that the mechan-
ic's lien act rather than the Construction Lien Act applied to
this case and that plaintiffs' liens perfected under the Construc-
tion Lien Act were invalid. The court, William J. Weipert, Jr.,
J., granted summary judgment in favor of plaintiffs, finding
that the Construction Lien Act applied and that the liens were
valid. Defendants Woodcraft and others appeal from the sepa-

REFERENCE FOR POINTS IN HEADNOTE
73 Am Jur 2d, Statutes § 388.

rate orders entered granting summary judgment to plaintiffs. The appeals have been consolidated. *Held:*

The trial court correctly determined that the Construction Lien Act applied. Woodcraft's lack of a fee title or land contract interest in the property at the time of signing the initial contract with the Douglas Company precludes it from being considered a contracting owner within the meaning of the mechanic's lien act.

Affirmed and remanded for further proceedings.

MECHANICS' LIENS — CONSTRUCTION LIEN ACT.

The Construction Lien Act, not the mechanic's lien act, applies to subsequent subcontracts where a party contracted with a general contractor prior to the effective date of the Construction Lien Act but did not acquire a fee title interest or land contract interest in the property being developed until after the Construction Lien Act was in effect and the mechanic's lien act was repealed (MCL 570.1 *et seq.,* 570.1101 *et seq.;* MSA 26.281 *et seq.,* 26.316[101] *et seq.).*

*Butzel, Keidan, Simon, Myers & Graham* (by *Robert S. Bolton),* for Oerther Brothers Excavating, Inc.

*Gary L. Lennard,* for C. Barron & Sons, Inc.

*Kemp, Klein, Endelman & Beer, P.C.* (by *Raymond L. Morrow* and *Charles J. Gerlach),* for defendants.

Before: DANHOF, C.J., and R. B. BURNS and GRIBBS, JJ.

PER CURIAM. The present appeal arises out of two separate actions by plaintiffs Oerther Brothers Excavating, Inc., and C. Barron & Sons, Inc., to enforce construction liens against defendants-appellants. The appeals were consolidated by order of this Court dated December 27, 1983.

Oerther is a Michigan corporation engaged in excavating, landfill and other related activities in

the construction area. Oerther's complaint alleged that it contracted with defendants John Desjardine, Michael Desjardine and John Desjardine, Jr., doing business as Walker Construction Company, to provide materials, labor and equipment to the Woodcraft Square Project, that it was not paid, and that it took steps to perfect a construction lien pursuant to the Construction Lien Act, MCL 570.1101 *et seq.;* MSA 26.316(101) *et seq.* Oerther's first amended complaint sought a declaration that the lien was valid, a determination of the amount of the lien and relief in the event that the lien was not paid. A default against Walker was entered and it is not a party to this appeal.

Barron is a Michigan corporation, doing business as Hurd Sterling-Eversole-Jay, engaged in providing supplies for the construction industry. Its complaint alleged that it provided materials to the project pursuant to a contract with Walker (apparently the same company designated by Oerther, although a different individual is named in the complaint), that it was not paid, and that it took steps to perfect a construction lien pursuant to the Construction Lien Act. Walker is also not a party to the Barron appeal.

For purposes of explaining the factual situation present in these appeals, it is necessary to briefly summarize the relationship of each of the appellants to the project. Woodcraft Square Limited Dividend Housing Association is the fee title owner of the property upon which the project was built. Woodcraft acquired this interest on May 7, 1982. The Douglas Company was engaged as the general contractor for the project. Michigan State Housing Development Authority (MSHDA) is the mortgagee of the project. Design Services Construction Company and the Shoreline Corporation of Massachusetts also provided services on the

project. These parties will be collectively referred to as appellants.

Hereinafter we refer to these appeals as if one action occurred, since the pleadings and arguments of the parties were identical in each case and the trial judge rendered one opinion applicable to both. Appellants' answer to the plaintiffs' complaint alleged that the initial contract between Woodcraft and Douglas was executed on November 9, 1981. Appellants also filed a motion for partial summary judgment, arguing that since the initial contract was executed on November 9, 1981, the mechanic's lien act, MCL 570.1 *et seq.;* MSA 26.281 *et seq.,* applied, rather than the Construction Lien Act. The Construction Lien Act superseded and repealed the mechanic's lien act, effective March 1, 1982. Plaintiffs made a counter motion for summary judgment, arguing that the Construction Lien Act applied because Woodcraft did not become an owner of the property until May 7, 1982. The trial judge entered an opinion and order granting summary judgment in favor of both plaintiffs. The court found that the Construction Lien Act applied, that plaintiffs had duly perfected liens under that act, that the contract dated November 9, 1981, was not effective until Woodcraft acquired fee title on May 7, 1982, and that the Construction Lien Act was applicable only where the contracting owner held fee title or a land contract interest at the time of execution of the initial construction contract. It is from this opinion and order that appellants presently appeal.

Appellants first argue that the trial court erred in holding that the Construction Lien Act applied rather than the mechanic's lien act. Appellants contend that Woodcraft was a contracting owner

as that term is used in MCL 570.1301(3), (4); MSA 26.316(301)(3), (4).

MCL 570.1301(3), (4); MSA 26.316(301)(3), (4) state:

"(3) Except as provided in subsection (1), this act shall control all rights to a construction lien arising from any project for which the contracting owner entered the first contract with a contractor on or after March 1, 1982.

"(4) Except as provided in subsection (2), Act No. 179 of the Public Acts of 1891, as amended, being sections 570.1 to 570.30 of the Michigan Compiled Laws, shall control all rights to a lien arising from any project for which the contracting owner entered the first contract with a contractor before March 1, 1982."

The determinative phrase in these statutory sections for purposes of this appeal is "contracting owner". The term "owner" is defined in MCL 570.1105(3); MSA 26.316(105)(3) as "a person holding a fee interest in real property or an equitable interest arising out of a land contract".

It is undisputed that Woodcraft did not acquire a fee title interest in the subject property until May 7, 1982. We agree with the trial court that Woodcraft's lack of a fee title or land contract interest in the property at the time of signing the initial contract on November 9, 1981, precludes it from being considered a "contracting owner" within the meaning of the statute. We are unable to interpret MCL 570.1301(3), (4); MSA 26.316(301)(3), (4) as requiring inquiry only into the date of the initial contract, as argued by appellants, since to do so would render nugatory the use of the word "owner" in the same statutory section.

We do not address the second issue raised by

appellants, since even if we were to find that the date of entry of the initial contract was prior to March 1, 1982, Woodcraft's lack of "owner" status until after March 1, 1982, would mandate the use of the Construction Lien Act rather than the mechanic's lien act.

We hold that the trial court correctly determined that the Construction Lien Act applied. We remand this case to the trial court for a determination of the remaining issues of plaintiffs' compliance with the Construction Lien Act and the amount of plaintiffs' liens.

Affirmed. Remanded for proceedings consistent with this opinion. No costs, a question of statutory construction being involved.